NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2376
_____

SHANICQUA BRYANT,
Appellant

v.

POTTSTOWN SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00699)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 18, 2025

Before:  RESTREPO, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: February 25, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Shanicqua Bryant appeals the District Court's dismissal of her complaint and the denial of her motion for reconsideration. We will affirm the judgments as modified.

This case arises from a dispute between Bryant and Appellee Pottstown School District ("Pottstown") regarding her son's education. In 2023, Bryant filed a Special Education Due Process Complaint under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act alleging that Pottstown wrongfully altered her son's Individualized Education Plan. Bryant requested a special education due process hearing, but Pottstown maintained that her claim was barred by a settlement agreement between Pottstown and Bryant.

The settlement agreement provided that, in exchange for compensation, Bryant, on behalf of herself and her son, waived all past, present, or future educational claims through the end of the 2024-2025 school year. Pottstown also agreed to fund Bryant's son's attendance at a private school, and Bryant agreed that she would not seek in-person education placement in Pottstown. After Pottstown moved to dismiss the complaint pursuant to the settlement agreement, Bryant disputed the validity of the agreement, asserting it was made under duress, and that she was challenging the agreement in state court.

The Hearing Officer dismissed the complaint without prejudice, determining that a valid settlement agreement existed between the parties, and until such agreement was held invalid, the Officer could not adjudicate the case.

2

Bryant filed a complaint in the District Court, in which she challenged the Hearing Officer's dismissal of her complaint, and she additionally alleged that Pottstown violated the IDEA and "Section 1983 for Discrimination and Deprivation of Rights" by prohibiting her son from attending classes at or enrolling in Pottstown.[1] She stated that she was still challenging the settlement agreement's validity in the Montgomery County Court of Common Pleas. Bryant sought reversal of the Hearing Officer's decision, injunctive relief ordering her son's attendance at Pottstown High School, and "monetary damages for violation of Section 1983 Discrimination and Deprivation of Rights." Pottstown moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Bryant requested a time extension to respond to the motion, but the Court did not grant it, and it dismissed the complaint with prejudice.

Bryant appealed and moved for reconsideration. The District Court denied the reconsideration motion. It concluded that dismissal of the complaint was proper because the IDEA precluded the Section 1983 claim, the settlement agreement barred Bryant's first IDEA claim, and Bryant failed to exhaust her administrative remedies before bringing the second IDEA claim. As for Bryant's challenge to the settlement agreement's validity, the Court determined that Bryant failed to meet her burden to prove the agreement's invalidity because she made only conclusory allegations that she entered into the agreement under duress.

---

[1] We will presume, as the District Court did, that Bryant raised claims solely on her own behalf, see Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 529 (2007), and not on behalf of her son, see Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991).

We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's legal conclusions. Munir v. Pottsville Area Sch. Dist., 723 F.3d 423, 430 (3d Cir. 2013). The District Court must afford due weight to the Hearing Officer's factual findings, and we review the District Court's factual findings for clear error. Id. We review the District Court's denial of the motion for reconsideration for abuse of discretion. Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 186 (3d Cir. 2021).

Bryant challenges the District Court's determinations regarding the settlement agreement and the exhaustion of administrative remedies. She also takes issue with the District Court's with-prejudice dismissal and that the District Court did not grant her additional time to respond to Pottstown's motion to dismiss. We will address each issue in turn.

First, Bryant argues that the settlement agreement did not bar her complaint because the settlement agreement's waiver excluded intentional tort claims and actions arising under criminal law. But Bryant brought neither type of claim. She filed an administrative grievance asserting that Pottstown altered her son's Individualized Education Plan in violation of the IDEA and the Rehabilitation Act. See 22 Pa. Code § 14.162; see also J.M. v. Summit City Bd. of Educ., 39 F.4th 126, 138 (3d Cir. 2022). In the settlement agreement, Bryant waived past, present, and future litigation claims about her son's education, and the agreement is presumed valid until proven otherwise. See

---

[2] We liberally construe Bryant's status report filed in this Court as a timely filed amended notice of appeal, and thus we have jurisdiction to review the denial of the reconsideration motion. See 3d Cir. L.A.R. 3.4; see also Fed. R. App. P. 4(a)(4)(B)(ii).

Lewis v. Lewis, 234 A.3d 706, 714 (Pa. Super. Ct. 2020); see also Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581-86 (3d Cir. 2009) (applying state contract law to determine an agreement's validity).

Second, Bryant challenges the District Court's determination that she needed to exhaust administrative remedies before bringing the second IDEA claim in the District Court. A party aggrieved by a hearing officer's decision may bring a civil action in the District Court. 20 U.S.C. § 1415(i)(2). But the civil action must relate only to "the complaint presented" before the hearing officer. Id. § 1415(i)(2)(A). "In the normal case, exhausting the IDEA's administrative process is required in order for the statute to grant subject matter jurisdiction to the district court." Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 272 (3d Cir. 2014) (cleaned up). Here, although Bryant filed an administrative grievance to challenge the implementation of her son's Individualized Education Plan, she did not do the same to challenge Pottstown's denial of her son's placement at Pottstown High School. She brought this claim before the District Court in the first instance. Thus, her claim concerning her son's placement at Pottstown High School did not relate to "the complaint presented" before the Hearing Officer.

Bryant correctly points out that a plaintiff must administratively exhaust her non-IDEA claims only if the suit seeks relief for the denial of a free appropriate public education. Fry v. Napoleon Cmty. Schs., 580 U.S. 154, 168 (2017). She is also correct that the administrative exhaustion requirement applies only to suits brought under other federal laws that seek relief also available under the IDEA. Luna Perez v. Sturgis Pub. Schs., 598 U.S. 142, 146-48 (2023). But Bryant asserted a claim against Pottstown under

5

the IDEA itself—she alleged that Pottstown violated the IDEA by not allowing her child to attend classes in the District, and she requested that the Court order her son's placement at Pottstown High School. See Batchelor, 759 F.3d at 273 ("It is plain that [the claim] falls within the ambit of § 1415(i) and requires exhaustion: Appellants claim that the IDEA has been violated, they allege educational harms, and the IDEA's statutory scheme is able to provide an appropriate remedy.").[3]

Bryant also appears to raise another recognized exception to the exhaustion of administrative remedies requirement, which allows parents to "bypass the administrative process where exhaustion would be futile or inadequate." Komninos by Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994) (quoting Honig v. Doe, 484 U.S. 305, 327 (1988)). She points out that the Hearing Officer had already declined to consider her other IDEA claim due to the settlement agreement, so it would have been futile to bring another claim administratively. But even if the District Court had excused Bryant's failure to bring the claim before the Hearing Officer, the settlement agreement still would have barred Bryant from bringing the IDEA claim before the District Court. And as the District Court properly determined, Bryant did not meet her burden to allege sufficiently that the settlement agreement was void, nor has Bryant

---

[3] We need not address whether Bryant needed to exhaust her Section 1983 discrimination claim for damages because the District Court determined that Section 1983 is not available to remedy IDEA violations, and Bryant does not challenge this conclusion on appeal. See A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 803 (3d Cir. 2007) ("Congress did not intend § 1983 to be available to remedy violations of the IDEA."); see also United States v. Albertson, 645 F.3d 191, 195 (3d Cir. 2011) ("It is standard practice that an appellant must state all issues raised on appeal in the opening brief.").

provided a judgment from the pending state court case declaring that the agreement is void.[4]  See Lewis, 234 A.3d at 714.

Accordingly, the District Court did not err by dismissing Bryant's complaint.  Nor did it abuse its discretion by declining to grant Bryant's time-extension motion and by denying Bryant's motion for reconsideration.  See Fed. R. Civ. P. 6(b)(1); U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden, 124 F.4th 314, 320 (5th Cir. 2024); see also Gibson, 994 F.3d at 190.  But here, the District Court's dismissal order specifies that the dismissal of the complaint is with prejudice.  We modify the District Court's order to dismiss Bryant's IDEA claims without prejudice in case her challenge to the validity of the settlement agreement proves successful.  We will affirm the order as modified.

---

[4] Even if we assume that the Hearing Officer had authority to void the agreement, Bryant raised only bare legal conclusions that the agreement is void and was entered under duress.  Nor did Bryant explain why the agreement is void in her civil action before the District Court; she merely mentioned that she was disputing the agreement in the Montgomery County Court of Common Pleas.  At most, Bryant stated in a preliminary injunction motion that she signed the agreement under duress while experiencing a mental breakdown.